IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CBT FLINT PARTNERS, LLC,

   Plaintiff,

     v.

GOODMAIL SYSTEMS, INC., et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:07-CV-1822-TWT

OPINION AND ORDER

This is a patent infringement action. It is before the Court on the Defendant Goodmail Systems, Inc.'s Motion to Dismiss or in the Alternative For a More Definite Statement [Doc. 29]. For reasons stated below, the motion is DENIED.

I. Background

On August 1, 2007, CBT Flint Partners, LLC filed its Complaint against Goodmail Systems, Inc., Return Path, Inc., and Cisco IronPort Systems LLC, alleging patent infringement. CBT alleges that it owns United States Patent No. 6,192,114 ("the '114 Patent") entitled "Method And Apparatus For Billing A Fee To A Party Initiating An Electronic Mail Communication When The Party Is Not On An Authorization List Associated With The Party To Whom The Communication Is Directed," and United States Patent No. 6,587,550 ("the '550 Patent") entitled

"Method And Apparatus For Enabling A Fee To Be Charged To A Party Initiating An Electronic Mail Communication When The Party Is Not On An Authorization List Associated With The Party To Whom The Communication Is Directed."  (Compl. at 4-5.)  CBT alleges that "[o]n information and belief, Goodmail makes, uses, offers to sell, and/or sells within the United States and this judicial district products and/or services, including but not limited to *email certification services*, which include and/or practice one or more of the inventions claims in the '114 Patent and/or '550 Patent."  (Compl. at 5-6.)  In Count One, CBT also alleges that "[o]n information and belief, Goodmail has infringed and continues to infringe, has actively and knowingly induced and continues to actively and knowingly induce infringement of, and/or has contributed to and continues to contribute to acts of infringement of one or more claims of the '114 Patent, all in violation of 35 U.S.C. §§ 271 (a), (b), and (c)."  Count Four makes the same allegations with respect to the '550 Patent.

Goodmail moves to dismiss the case on the grounds that CBT has failed to state a claim upon which relief can be granted.  The Defendant contends that the Supreme Court's recent decision in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), has altered the pleading requirements for a case such as this.  It asks the Court to extend Twombly's reasoning from the § 1 Sherman Act antitrust context to the patent context.

II. Discussion

A valid complaint requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Generally, notice pleading is all that is required. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994).

The Supreme Court's recent decision in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), has prompted some courts to reconsider the standard for deciding motions to dismiss under Rule 12(b)(6). See, e.g., In re Elevator Antitrust Litigation, 502 F.3d 47, 50 (2d Cir. 2007) ("Considerable uncertainty surrounds the breadth of . . . Twombly.") (citations and quotations omitted); Iqbal v. Hasty, 490 F.3d 143, 157 (2d Cir. 2007) (holding that Twombly does not require "a universal standard of heightened fact pleading, but rather a flexible 'plausibility standard'"); Culliver v.

Taylor, 503 F.3d 397, 401 n.4 (5th Cir.2007) (acknowledging that Twombly "retired" the Conley v. Gibson, 355 U.S. 41, 45-46 (1957), admonition that a case should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"); Association of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (describing Twombly as a case that "recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion"); Ridge at Red Hawk, LLC v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (noting that after Twombly, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims").

The Eleventh Circuit has not decided whether Twombly has altered pleading standards in the patent context.[1]  And it is not likely to do so.  See 28 U.S.C. § 1295(a)(1) ("The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction of an appeal from a final decision of a district court of the United States, . . ." in patent cases.).  Interestingly, the Federal Circuit's practice is to

---

[1] Though the Eleventh Circuit has cited Twombly on a few occasions, and referenced its plausibility language, it has yet to apply the standard to a concrete factual situation.  See, e.g., Financial Security Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282 (11th Cir. 2007) (quoting Twombly and noting that "the factual allegations in a complaint must possess enough heft to set forth a *plausible entitlement* to relief").

decide motions to dismiss by drawing upon the law of the regional circuit from which the case arises. McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1356-54 (Fed. Cir. 2007) (describing a motion to dismiss as purely a "procedural question not pertaining to patent law").

Here, the parties have two very different views of Twombly's effect upon pleading standards. The Defendant's view is that Twombly demands that litigants provide more factual detail than before, especially in the patent context. The Defendant further argues that the allegations of infringement, inducement of infringement, contributory infringement, and willful infringement are insufficiently plead. The Plaintiff contends that the Complaint adequately sets out the patent infringement claims even in a post Twombly world.

In my view, Twombly did not radically alter the elementary rules of civil procedure that have governed litigation in the federal courts for the past seventy years. The Court's forced retirement of Conley v. Gibson's "no set of facts" language does not change the fundamental command of Rule 8 as to what a valid complaint must look like. Indeed, the Court made clear that it was not imposing a heightened pleading standard. Twombly, 127 S. Ct. at 1974 ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."). As a general matter, I am loath to assume that the Supreme Court

circumvented the normal channels for amending the Federal Rules. Swierkiewicz v. Sorema, 534 U.S. 506, 515 (2002) ("A requirement of greater specificity for particular claims is a result that must be obtained by the process of amending the Federal Rules, and not by judicial interpretation.") (quotations omitted).    Second, to the extent that Twombly might be plausibly read to alter the requirements for the sufficiency of a complaint, there should be a strong presumption in favor of narrowly confining the decision to its facts. Cohens v. Virginia, 19 U.S. 264 (1821) ("It is a maxim not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used."). The Court's "new standard" was merely a specific way to articulate a solution to what it perceived to be a specific pleading problem, in a specific area of law that inflicted a high cost upon antitrust defendants. It was not a broad based new license for federal courts to ramp up pleading requirements.

Third, my view that Twombly did not alter pleading standards - especially in the patent context - is bolstered by looking to the language of Rule 84 of the Federal Rules. "The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate." Fed. R. Civ. P. 84.[2] Form 16

---

[2]This is my first citation and quotation of a restyled version of one of the Federal Rules of Civil Procedure. The restyled rules became effective on December 1, 2007. I had the honor of participating in the writing of the restyled rules as a

provides a model for stating a claim in a patent infringement case, and contains extremely barebones factual allegations identifying the patent and the infringing product. The form is not appreciably different from the allegations contained in the Complaint.

The Defendant contends, however, that Form 16 is limited to pleading direct infringement, and that the Form cannot salvage the deficiency of the Plaintiff's claims of inducement, contributory infringement, or willful infringement. Although the Form only provides a model for pleading direct infringement, there is no principled reason, at least not one advanced by the Defendant, for requiring more factual detail when the claim is one for contributory infringement as opposed to direct infringement. The factual contentions in both the model and the Complaint are enough to put the Defendant on notice of the claim alleged and the grounds upon which it rests.

At first glance, the Court's decision to "retire" the <u>Conley v. Gibson</u> formulation that a "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," seems to have altered the conventional understanding of motions to dismiss. But, the forced retirement of Justice Black's

---

member of the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States from 2000 through 2007.

phraseology should not be confused with a new pleading standard. Narrowly understood, the Court's language merely forecloses litigants from answering motions to dismiss by responding, "Although I can't make a good faith allegation of illegal conduct now, I bet I'll find something good during discovery." In the Sherman Act § 1 context, this means that where independent, parallel behavior is the *only* basis for an assertion of "agreement," that is not a ticket for admission to the discovery process. The Court's plausibility requirement in this context was designed to ensure that the plaintiffs had a reason to move the case along to the discovery phase beyond allegations of lawful behavior. But this is nothing new. The retirement of the "no set of facts" language, however, should not be confused with a requirement that the complaint contain more factual specificity than was required before the Court decided Twombly.

Nothing in Twombly has altered Rule 8(a)'s requirement of notice. There is not, and there never was, a magic formula for determining when a complaint lacks enough "factual detail," or when it is composed of "mere legal conclusions." Since 1938, the final call has been housed within the discretion of the district judge, and guided by the Federal Rules' requirement of notice pleading. And Twombly has left that regime intact. Requiring heightened factual pleading in the patent context is particularly unnecessary. The Northern District's Local Patent Rules require plaintiffs

to disclose a great deal of extremely detailed information.  For example, the Rules demand that the "party claiming patent infringement shall serve on all parties a Disclosure of Infringement Contentions," which describes "each claim of each patent in suit that is allegedly infringed by each opposing party," L.P.R. 4.1(b)(1), a detailed and separate description of each "accused apparatus, method, composition or other instrumentality of each accused party of which the claiming party is aware, L.P.R. 4.1(b)(2), "a chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality," L.P.R. 4.1(b)(3), "[w]hether each element of each asserted claim is claimed to be literally present, present under the doctrine of equivalents, or both," L.P.R. 4.1(b)(4), and for any patent that claims priority, "the priority date to which each asserted claim allegedly is entitled." L.P.R. 4.1(b)(5). Any plaintiff filing a patent case in this district knows that these disclosures must be made early.  Requiring similar detailed factual disclosures at the pleading stage would serve no useful purpose.

The Defendant's motion for a more definite statement should also be denied. Although the Defendant contends that it has no idea how to formulate a responsive pleading, a "denial" is a good place to start.  In addition, the Defendant's motion to strike and motion to stay discovery should be denied.  Because I find the Complaint

to be sufficient, there is no basis for striking the requests for relief, or delaying the process of discovery.

### III. Conclusion

Defendant Goodmail Systems, Inc.'s Motion to Dismiss or in the Alternative For a More Definite Statement [Doc. 29] is DENIED.

SO ORDERED, this 14 day of December, 2007.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge