IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CBT FLINT PARTNERS, LLC,

    Plaintiff,

       v.

RETURN PATH, INC., et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:07-CV-1822-TWT

ORDER

      This is a patent infringement action. It is before the Court on the Defendants'

Motion for Summary Judgment [Doc. 111]. For the reasons stated below, the motion

is granted.

I. Background

      On August 1, 2007, CBT Flint Partners, LLC filed its Complaint against

Goodmail Systems, Inc., Return Path, Inc., and Cisco IronPort Systems LLC, alleging

patent infringement. CBT alleges that it owns United States Patent No. 6,192,114

("the '114 Patent") entitled "Method And Apparatus For Billing A Fee To A Party

Initiating An Electronic Mail Communication When The Party Is Not On An

Authorization List Associated With The Party To Whom The Communication Is

Directed," and United States Patent No. 6,587,550 ("the '550 Patent") entitled

"Method And Apparatus For Enabling A Fee To Be Charged To A Party Initiating An Electronic Mail Communication When The Party Is Not On An Authorization List Associated With The Party To Whom The Communication Is Directed." (Compl. at 4-5.) It alleges that the Defendants infringe these patents.

The Defendants have now brought this motion for summary judgment alleging that claim 13 of the '550 Patent is invalid for indefiniteness. Claim 13 of the '550 Patent reads:

> An apparatus for determining whether a sending party sending an electronic mail communication directed to an intended receiving party is an authorized sending party, the apparatus comprising:
>
>> a computer in communication with a network, the computer being programmed to **detect analyze** the electronic mail communication sent by the sending party to determine whether or not the sending party is an authorized sending party or an unauthorized sending party, and wherein authorized sending parties are parties for whom an agreement to pay an advertising fee in return for allowing an electronic mail communication sent by the sending party to be forwarded over the network to an electronic mail address associated with the intended receiving party has been made.

(Emphasis added). The Defendants contend that the obvious mistake in the claim's language ("detect analyze") creates an ambiguity which renders the patent invalid for indefiniteness.

## II.  Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

## III. Discussion

It is undisputed that there is a drafting error in claim 13 of the '550 Patent. In relevant part, the claim provides that "the computer [is] programmed to *detect analyze* the electronic mail communication sent." The question is: can this Court correct it? A district court can  correct an error in a patent, where no certificate of correction has been issued, where: "(1) the correction is not subject to reasonable debate based on consideration of the claim language and the specification and (2) the prosecution history does not suggest a different interpretation of the claims." Novo Indus., L.P., v. Micro Molds Corp., 350 F.3d 1348, 1354 (Fed. Cir. 2003). If the district court is

required to guess as to what was intended in order to make sense out of the patent, it has no authority to correct the error. Id. at 1358.

In their motion, the Defendants contend that there are five reasonable ways to correct the drafting error: (1) delete the word "detect," (2) delete the word "analyze," (3) add the word "and" between the words, (4) add the word "or" between the word, and (5) add the  phrase "and/or" between the words. In its initial response to the motion, CBT argues that inserting the word "and" between the words "detect analyze" is the only reasonable correction.

The Defendants' proposed corrections involving the addition of "or" and "and/or" are of questionable reasonableness.  But that leaves at least three alternatives that appear to be equally reasonable.  These are the three alternatives identified by Daniel Santos who is the co-inventor and who prosecuted the patent through the PTO. His testimony was "I think that maybe I meant detect and analyze or I meant detect and meant to delete analyze or I meant analyze and meant to delete detect."  (Santos Dep.  at 157-58.)  Each of these formulations is at least reasonable given the claim language and the specification.  If the inventor and lawyer who drafted the patent is left to guess at what he meant, the Court is certainly in no better position.  The appropriate correction is subject to reasonable debate based on consideration of the claim language and the specification.  The prosecution history is silent as to what was

intended.   Following the clear mandate of <u>Novo Industries</u>, this Court is not authorized to correct the drafting error.   Therefore, claim 13 is invalid for indefiniteness in its present form.   CBT may apply to the PTO for a certificate of correction which, of course, would not apply retroactively.

IV. <u>Conclusion</u>

For the reasons stated above, the Defendants' Motion for Summary Judgment [Doc. 111] is GRANTED.

SO ORDERED, this 11 day of July, 2008.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge