IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CBT FLINT PARTNERS, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RETURN PATH, INC. and )<br>CISCO IRONPORT SYSTEMS, LLC, )<br>)<br>Defendants. ) | CIVIL ACTION FILE<br><br>NO. 1:07-cv-1822-TWT |

FINAL JUDGMENT OF INVALIDITY AND
STIPULATED FINAL JUDGMENT OF NON-INFRINGEMENT

Plaintiff CBT Flint Partners, LLC ("CBT") and defendants Return Path, Inc. ("Return Path") and Cisco IronPort Systems, LLC ("IronPort"), by and through their undersigned counsel, hereby stipulate and agree, subject to the approval of the Court, as follows:

1. On August 1, 2007, CBT initiated this action against Return Path and IronPort and asserted that Return Path and IronPort directly and indirectly infringe United States Patent No. 6,192,114 ("the '114 Patent") and United States Patent No. 6,587,550 ("the '550 Patent") (collectively, the "patents-in-suit").

-2-

2.      On November 23, 2007, pursuant to Local Patent Rule 4.1, CBT served its "Disclosure of Infringement Contentions to Cisco IronPort Systems, LLC," in which CBT accused IronPort's Bonded Sender Program, alone and in combination with IronPort's X1050, C650, C350, C300, C150, and C100 appliances, of infringing claims 1 through 10 of the '114 Patent. IronPort's Bonded Sender Program and X1050, C650, C350, C300, C150, and C100 appliances are collectively referred to herein as the "Accused IronPort Products."

3.      On November 23, 2007, pursuant to Local Patent Rule 4.1, CBT served its "Disclosure of Infringement Contentions to Return Path, Inc.," in which CBT accused Return Path's Bonded Sender system and Sender Score Certified system each of infringing claims 1 through 10 of the '114 Patent. Return Path's Bonded Sender system and Sender Score Certified system are collectively referred to herein as the "Accused Return Path Products."

4.      On July 10, 2008, the Court entered an Order (D.I. 202) regarding the constructions of certain disputed limitations of the asserted claims of the patents-in-suit. In the Order, the Court construed the term "authorization list" (in claims 1 and 6) and the phrase "a list of authorized sending parties associated with the intended receiving party" (in claim 10) as "a list of authorized sending parties that have been selected by an intended receiving party."

-3-

5.   In its July 10, 2008 Order, the Court also construed the phrase "unauthorized sending party" as "a sending party who is not on the authorization list."

6.   Subject to all of CBT's rights to appeal, CBT and IronPort stipulate and agree that the Accused IronPort Products have not infringed and currently do not infringe claims 1 through 10 of the '114 Patent for the following two independent reasons described in more detail below: (1) based on the Court's claim construction of "authorization list" and based on IronPort's representations and disclosures made during discovery regarding the functionality of the Accused IronPort Products, the Accused IronPort Products do not have, and have not had or used an "authorization list"; and (2) based on the Court's claim construction of "unauthorized sending party" and based on IronPort's representations and disclosures made during discovery regarding the functionality of the Accused IronPort Products, the Accused IronPort Products do not calculate and have not calculated a fee to be charged to an "unauthorized sending party."

7.   IronPort states and CBT stipulates that the Accused IronPort Products do not have or use, and have not had or used, an "authorization list," as that term has been construed by this Court, because the IronPort Bonded Sender Program does not enable intended recipients to select the names of senders that are placed

on the list of Bonded Senders (which CBT had accused as the "authorization list"). Instead, IronPort represents and CBT stipulates that the Bonded Sender list was a list of IP addresses that was publicly available on the Internet for use in connection with e-mail filtering, and the process through which a sender of e-mail could have its IP address placed on the Bonded Sender list included the following steps: (1) the sender would apply to be in the Bonded Sender Program; (2) the sender's application may be accepted by IronPort based on various criteria and reviews; and (3) if accepted, the accepted applicant's IP address would be included in the Bonded Sender list if the sender posted a bond.

8. IronPort states and CBT stipulates that the Accused IronPort Products do not calculate and have not calculated a fee to be charged to an "unauthorized sending party," as that term has been construed by this Court. Instead, IronPort represents and CBT stipulates that the Accused IronPort Products did not calculate a fee to be charged to any sender that was not included on the Bonded Sender Program list (which CBT had accused as the "authorization list").

9. Subject to all of CBT's rights to appeal, CBT and Return Path stipulate and agree that the Accused Return Path Products have not infringed and currently do not infringe claims 1 through 10 of the '114 Patent for the following two independent reasons described in more detail below: (1) based on the Court's

claim construction of "authorization list" and based on Return Path's representations and disclosures made during discovery regarding the functionality of the Accused Return Path Products, the Accused Return Path Products do not have, and have not had or used an "authorization list"; and (2) based on the Court's claim construction of "unauthorized sending party" and based on Return Path's representations and disclosures made during discovery regarding the functionality of the Accused Return Path Products, the Accused Return Path Products do not calculate and have not calculated a fee to be charged to an "unauthorized sending party."

10. Return Path states and CBT stipulates that the Accused Return Path Products do not have or use, and have not had or used, an "authorization list," as that term has been construed by this Court, because the Accused Return Path Products do not enable intended recipients to select the names of senders that are placed on the list of Bonded Senders or whitelist of the Sender Score Certified senders (which CBT had accused as the "authorization list"). Instead, Return Path represents and CBT stipulates that the Bonded Sender list and the Sender Score Certified whitelist were lists of IP addresses that were publicly available on the Internet for use in connection with e-mail filtering, and the process through which a sender of e-mail could have its IP address placed on the Bonded Sender list or the

Sender Score Certified whitelist included the following steps: (1) the sender would apply to be in the program; (2) the sender's application may be accepted by Return Path based on various criteria; and (3) if accepted, the accepted applicant's IP address would be included in the Bonded Sender list if the sender posted a bond or in the Sender Score Certified whitelist with payment of an application fee.

11.  Return Path states and CBT stipulates that the Accused Return Path Products do not calculate and have not calculated a fee to be charged to an "unauthorized sending party," as that term has been construed by this Court. Instead, Return Path represents and CBT stipulates that the Accused Return Path Products did not calculate a fee to be charged to any sender that was not included on the Bonded Sender Program list or the Sender Score Certified whitelist (which CBT had accused as the "authorization list").

12.  Based on the Court's claim construction as described in paragraphs 6, 7, and 8 herein and subject to all of CBT's rights to appeal, final judgment of non-infringement of claims 1 through 10 of the '114 Patent shall be entered against CBT and in favor of IronPort on CBT's patent infringement claims regarding the Accused IronPort Products.

13.  Based on the Court's claim construction as described in paragraphs 9, 10, and 11 herein and subject to all of CBT's rights to appeal, final judgment of

non-infringement of claims 1 through 10 of the '114 Patent shall be entered against CBT and in favor of Return Path on CBT's patent infringement claims regarding the Accused Return Path Products.

14.     In its July 10, 2008 Order, the Court held that claim 6 of the '114 Patent is invalid under 35 U.S.C. § 112.  Specifically, the Court held that "the means-plus-function limitations of claim 6 [of the '114 Patent] lacks sufficient disclosure of structure under 35 U.S.C. § 112 ¶ 6 and is therefore indefinite under 35 U.S.C. § 112 ¶ 2."  (7/10/2008 Order at 18).  Accordingly, in view of this determination by the Court, final judgment of invalidity of claim 6 of the '114 Patent shall be entered against CBT and in favor of IronPort and Return Path.

15.     On July 11, 2008, the Court entered an Order (D.I. 203) granting Return Path and IronPort's motion for summary judgment that claim 13 of the '550 Patent is invalid under 35 U.S.C. § 112.  Accordingly, in view of this determination by the Court, final judgment of invalidity of claim 13 of the '550 Patent shall be entered against CBT and in favor of IronPort and Return Path.

16.     The remaining claims, counterclaims, and defenses of CBT, IronPort, and Return Path (except for any post judgment claim(s) or motion(s) relating to an "exceptional case" determination pursuant to 35 U.S.C. § 285 or other bases for the award of attorneys' fees, the timing of which is governed by Fed. R. Civ. P.

54(d)(2) and Local Rule 54.2) shall be dismissed without prejudice, subject to CBT, IronPort, and Return Path's right to revive those claims, counterclaims, and defenses, including other non-infringement defenses, in the event of a remand from the Federal Circuit Court of Appeals.

Accordingly, the Court hereby Orders that:

A.  Final judgment of non-infringement of claims 1 through 10 of the '114 Patent is hereby entered in favor of Defendant IronPort as to the Accused IronPort Products.

B.  Final judgment of non-infringement of claims 1 through 10 of the '114 Patent is hereby entered in favor of Defendant Return Path as to the Accused Return Path Products.

C.  Final judgment of invalidity of claim 6 of the '114 Patent under 35 U.S.C. § 112 is hereby entered.

D.  Final judgment of invalidity of claim 13 of the '550 Patent under 35 U.S.C. § 112 is hereby entered.

E.  All remaining claims, counterclaims, and defenses of CBT, IronPort, and Return Path (except for any claim(s) or motion(s) relating to an "exceptional case" determination pursuant to 35 U.S.C. § 285 or other bases for the award of attorneys' fees, the timing of which is governed

      by Fed. R. Civ. P. 54(d)(2) and Local Rule 54.2) are hereby dismissed without prejudice, subject to CBT, IronPort, and Return Path's right to revive those claims, counterclaims, and defenses in the event of a remand from the Federal Circuit Court of Appeals.

F.    All claims in this action having now been either adjudicated or dismissed by this Court (other than those claims expressly reserved by Section E of this Order), this will be the Final judgment of this Court in this matter after the Court enters an order on IronPort's and Return Path's respective motions for exceptional case pursuant to 35 U.S.C. § 285 and other bases for the award of attorneys' fees as governed by Fed. R. Civ. P. 54(d)(2).

G.    In accordance with the discretion granted under Fed. R. Civ. P. 58(e), it is hereby ordered that IronPort's and Return Path's motions filed concurrently herewith seeking an award of attorney's fees governed by Fed. R. Civ. P. 54(d)(2) shall have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Fed. R. Civ. P. 59.

SO ORDERED, this 8th day of October, 2008.

                                          <u>/s/Thomas W. Thrash</u>
                                          THOMAS W. THRASH, JR.
                                          United States District Judge

STIPULATED TO:

| | |
|---|---|
| Counsel for Plaintiff<br>CBT FLINT PARTNERS, LLC: | Counsel for Defendant<br>RETURN PATH, INC.: |
| By: s/ C. Suzanne Johnson<br>Anthony B. Askew<br>   Ga. Bar No. 025300<br>A. Shane Nichols<br>   Ga. Bar No. 542654<br>Shaun B. Sethna<br>   Ga. Bar No. 636116<br>C. Suzanne Johnson<br>   Ga. Bar No. 321398<br>KING & SPALDING LLP<br>1180 Peachtree Street, N.E.<br>Atlanta, Georgia 30309<br>Telephone:  (404) 572-4600<br>Facsimile:  (404) 572-5100 | By: s/ Kenneth L. Bressler<br>James J. Wolfson<br>   Ga. Bar No. 773397<br>Gail Podolsky<br>   Ga. Bar No. 142021<br>CARLTON FIELDS, P.A.<br>One Atlantic Center<br>1201 West Peachtree Street, #3000<br>Atlanta, GA  30309<br>Telephone: (404) 815-3400<br>Facsimile:  (404) 815-3415<br><br>-and-<br><br>Kenneth L. Bressler, admitted *pro hac vice*<br>BLANK ROME, LLP<br>The Chrysler Building<br>405 Lexington Avenue<br>New York, NY  10174<br>Telephone: (212) 885-5203<br>Facsimile:  (917) 332-3740 |

-12-

Counsel for Defendant
CISCO IRONPORT SYSTEMS, LLC:


By: <u>s/ Matthew C. Gaudet</u>
L. Norwood Jameson
   Ga. Bar No. 003970
Matthew C. Gaudet
   Ga. Bar No. 287789
Leah J. Poynter
   Ga. Bar No. 586605
DUANE MORRIS LLP
1180 West Peachtree Street, Suite 700
Atlanta, Georgia 30309
Telephone: (404) 253-6900
Facsimile:  (404) 253-6901