IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CBT FLINT PARTNERS, LLC,

   Plaintiff,

  v.

RETURN PATH, INC., et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:07-CV-1822-TWT

ORDER

This is a patent infringement action. It is before the Court on the Defendants' Motion for Attorneys' Fees and Expenses [Doc. 299]. For the reasons set forth below, the Court DENIES the Defendants' motion.

## I. Background

The Plaintiff, CBT Flint Partners, LLC ("CBT"), owns United States Patent No. 6,192,114 ("the '114 Patent") and United States Patent No. 6,587,550 ("the '550 Patent"). (Compl. at 4-5.) The patents are directed to a method for filtering unsolicited and unwanted email, or "spam." The patented method requires e-mail senders who are not on an "authorization list" to pay a fee to have their email messages delivered.

On August 1, 2007, CBT sued Return Path, Inc. and Cisco IronPort Systems LLC, alleging that the Defendants' Bonded Sender Program infringed CBT's '114 and '550 Patents. The litigation turned on two central issues. First, the parties disputed the construction of certain terms in the '114 Patent. On July 10, 2008, the Court entered an order construing the term "authorization list" and the phrase "a list of authorized sending parties associated with the intended receiving party" as "a list of authorized sending parties that have been selected by an intended receiving party" [Doc. 202]. Similarly, the Court construed the phrase "unauthorized sending party" as "a sending party who is not on the authorization list" [id.]. Based on these constructions, CBT stipulated that the accused products did not infringe the '114 Patent [Doc. 216].

The parties also disputed whether a typographical error in the '550 Patent affected the validity of the patent. In relevant part, claim 13 of the '550 Patent reads: "the computer [is] programmed to detect analyze the electronic mail communication sent by the sending party . . . " [Doc. 280-3, Ex. B]. The issue before the Court was whether the intended meaning of "detect analyze" was "subject to reasonable debate." On July 10, 2008, the Court held that the phrase was subject to at least three interpretations and granted summary judgment to the Defendants on the grounds that claim 13 was invalid for indefiniteness [Doc. 203]. The Plaintiff appealed this ruling.

On October 16, 2008, the Defendants moved for attorney fees and expenses under 35 U.S.C. § 285 and 28 U.S.C. § 1927 [Docs. 217 & 218]. On December 30, 2009, the Court denied the Defendants' motions, finding that although the litigation was objectively baseless, there was insufficient evidence of CBT's bad faith [Doc. 258] (the "December 30th Order"). The Plaintiff appealed this ruling.

On August 12, 2011, the Federal Circuit reversed this Court's July 10th ruling, finding that the term "detect analyze" was not susceptible to multiple meanings and thus not void for vagueness. See CBT Flint Partners, LLC v. Return Path, Inc., 654 F.3d 1353 (Fed. Cir. 2011). On remand, the parties agreed to an expedited briefing schedule [see Docs. 274 & 275]. On December 12, 2011, the Defendants filed a Motion for Summary Judgment on claim 13 of the '550 Patent [Doc. 280]. On April 27, 2012, the Court granted the Defendants' motion [Doc. 296].

Finally, on May 14, 2012, the Defendants filed this Motion for Attorneys' Fees and Expenses [Doc. 299]. The Defendants claim that in the December 30th Order, the Court applied an overly stringent standard for attorney's fees and expenses under 35 U.S.C. § 285. Specifically, the Defendants contend that they need not provide direct evidence of subjective bad faith.

## II. Standard for Awarding Attorney Fees

The Patent Act provides that: "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. The determination of whether a case is eligible for an award of attorney fees is a two-step process. Wedgetail Ltd. v. Huddleston Deluxe, Inc., 576 F.3d 1302, 1304 (Fed. Cir. 2009). First, the moving party must show that the case is exceptional by clear and convincing evidence. Id. Second, if the case is exceptional, the court must determine whether an award of attorney fees is appropriate. Id.

"A case may be deemed exceptional when there has been some material inappropriate conduct related to the matter in litigation, such as willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates Fed. R. Civ. P. 11, or like infractions." Brooks Furniture Mfg., Inc. v. Dutailier Intern., Inc., 393 F.3d 1378, 1381 (Fed. Cir. 2005). "Absent misconduct in conduct of the litigation or in securing the patent, sanctions may be imposed against the patentee only if both (1) the litigation is brought in subjective bad faith, and (2) the litigation is objectively baseless." Id. The Federal Circuit has rejected an expansive reading of § 285 which would permit findings of exceptionality except in these limited circumstances. Wedgetail, 576 F.3d at 1305. Further, the movant must meet this two-part standard by "clear and

convincing evidence." Medtronic Navigation, Inc. v. BrainLAB Medizinische Computersysteme GmbH, 603 F.3d 943, 954 (Fed. Cir. 2010).

The court may also award reasonable attorney fees pursuant to 28 U.S.C. § 1927, which provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "[B]ad faith is the touchstone" for an award of attorney fees under § 1927. Smith v. Grand Bank & Trust of Florida, 193 Fed. Appx. 833, 836 (11th Cir. 2006).

Likewise, the court may award attorney fees pursuant to its inherent power where a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258-59 (1975). "[T]he only meaningful difference between an award made under § 1927 and one made pursuant to the court's inherent power is ... that awards under § 1927 are made only against attorneys or other persons authorized to practice before the courts while an award made under the court's inherent power may be made against an attorney, a party, or both." Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 336 (2d Cir. 1999).

III. Discussion

A.   35 U.S.C. § 285

The Defendants claim they are entitled to attorney fees under 35 U.S.C. § 285. As discussed above, on December 30, 2009, the Court denied the Defendants' Motion for Attorney Fees, finding insufficient evidence bad faith [see Doc. 258]. The Defendants, however, argue that the Federal Circuit's ruling in MarcTec, LLC v. Johnson & Johnson, 664 F.3d 907 (Fed. Cir. 2012), articulated a new standard for attorney fees and costs under § 285.[1] (See Defs.' Mot. for Att'y Fees, at 5.)

In MarcTec, the patentee brought a patent infringement claim against several defendants. The district court granted summary judgment for the defendants and found an exceptional case under 35 U.S.C. § 285. The patentee appealed. The appellant argued that the district court erred by holding that bad faith was not required to find an exceptional case under § 285. The Federal Circuit, however, noted that "[a]lthough the district court used the term 'bad faith,' and did not specifically state that the bad faith found was 'subjective,' the court's language, and its express findings of fact, are consistent with and fully support a finding of subjective bad faith." Id. at

---

[1] It is unclear whether the Defendants ask the Court to reconsider its ruling on attorney fees and costs with respect to litigation that occurred before the December 30th Order. For purposes of this motion, however, the Court will address CBT's behavior before and after the December 30th Order.

917. Specifically, the court reasoned that the district court "made several findings supporting its conclusion that [the appellant] *knew* its allegations were baseless but pursued them anyway." Id. (emphasis added); see also iLOR, LLC v. Google, Inc., 631 F.3d 1372, 1377 (Fed. Cir. 2011) ("Under [§ 285], the plaintiff's case must have no objective foundation, and the plaintiff must actually know this.").

Thus, contrary to the Defendants' assertions, MarcTec *does not* eliminate the subjective bad requirement under § 285. Indeed, "[r]egardless of the district court's description of the law," the MarcTec court carefully described evidence that supported a finding of subjective bad faith. Specifically, the Federal Circuit noted evidence that the patentee *knew* its claim was frivolous but litigated anyway. This inquiry was distinct from the court's conclusion that the underlying litigation was frivolous. By contrast, as discussed in the December 30th Order, the Defendants have not produced clear and convincing evidence that CBT *knew* its claims were frivolous. See Medtronic, 603 F.3d at 954 (movant must prove exceptional case by clear and convincing evidence); iLOR, 631 F.3d at 1377 ("Under [35 U.S.C. § 285], the plaintiff's case must have no objective foundation, and the plaintiff must actually know this.). CBT prevailed on some claims construction issues and immediately stipulated noninfringement after the Court's claim construction order [see Doc. 258, at 9]. Thus, for the reasons set forth in the Court's December 30th Order, CBT's

conduct prior to the December 30th Order did not constitute an exceptional case under § 285. MarcTec does not undermine the Court's analysis.

The Defendants also argue that the Plaintiff's claims with respect to the '550 Patent justify finding an exceptional case. As discussed above, on August 12, 2011, the Federal Circuit reversed this Court's July 11, 2008 ruling, finding that claim 13 of the '550 Patent was not invalid for vagueness. Thus, CBT's original argument that the '550 Patent is valid was not objectively baseless. On remand, however, the Defendants again moved for summary judgment, arguing that the allegedly infringing computers did not designate "authorized sending parties" as defined by the '550 Patent. The Plaintiff contended that "authorized sending parties" included any parties paying a fee that would allow, but might not *guarantee*, email delivery. The Defendants now assert that the Plaintiff's argument was objectively baseless.[2]

Although ultimately unpersuasive, CBT's interpretation of claim 13 of the '550 Patent was not objectively baseless. As discussed in the Court's April 27th Order [Doc. 296], the '550 Patent claims only those computers that guarantee email delivery in exchange for an advertising fee. Specifically, the '550 Patent states that the advertising fee is paid "in return for allowing an electronic mail communication" to

---

[2]Unlike the '114 Patent claims, CBT's arguments on remand with respect to the '550 Patent were not addressed in the December 30th Order.

be forwarded [see Doc. 280-3, Ex. B]. An alternative, if less compelling reading of this claim is that the fee is paid "in return for allowing" the *possibility* that the email will be delivered. In other words, a fee paid to make email delivery more likely. The '550 Patent does not unequivocally state that email *must* be delivered whenever an advertising fee is paid. Rather, the Court interpreted the claim language given the facts of the case.

In patent litigation, the correct claim construction "is often difficult to determine" because "the issues are often complex and the resolutions not always predictable." iLOR, 631 F.3d at 1376, 1379. Thus, although CBT's interpretation was unconvincing, the Court cannot say that "no reasonable litigant could [have] realistically expect[ed] success on the merits." Id. at 1376. For this reason, CBT's arguments in opposition to the Defendants' December 12, 2011 summary judgment motion regarding claim 13 of the '550 Patent were not objectively baseless.

B. 28 U.S.C. § 1927

The Defendants also seek attorney fees under 28 U.S.C. § 1927. That statute provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "[B]ad faith is the touchstone" for an award of attorney

fees under § 1927. Smith v. Grand Bank & Trust of Florida, 193 Fed. Appx. 833, 836 (11th Cir. 2006). "A determination of bad faith is warranted where an attorney knowingly or recklessly pursues a frivolous claim." Id.

In the December 30th Order, the Court noted that the lack of bad faith did not justify attorney fees with respect to CBT's litigation conduct up to that point [see Doc. 258, at 9]. As discussed above, the Defendants have not provided evidence that CBT *knew* its claims were frivolous. See Smith, 193 Fed. Appx. at 836 ("A determination of bad faith is warranted where an attorney knowingly or recklessly pursues a frivolous claim.").

With respect to CBT's litigation conduct after the December 30th Order, the Court likewise finds no bad faith sufficient to justify an award under § 1927. After the December 30th Order, CBT successfully appealed this Court's ruling with respect to claim 13 of the '550 Patent. CBT then agreed to an expedited briefing schedule [see Docs. 274 & 275]. Finally, CBT opposed the Defendants' Motion for Summary Judgment with respect to claim 13 of the '550 Patent. As discussed above, CBT's opposition was unpersuasive but not unreasonable. Indeed, the Defendants have offered no evidence that such opposition was made in bad faith or that CBT multiplied the proceedings in any way after the December 30th Order. For these reasons, attorney fees under 28 U.S.C. § 1927 are inappropriate.

## IV. Conclusion

For the reasons set forth above, the Court DENIES the Defendants' Motion for Attorneys' Fees and Expenses [Doc. 299].

SO ORDERED, this 25 day of July, 2012.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge